# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANSON CLARK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE AUTO FINANCING,<br><br>　　　　　Defendant. | Case No. 1:25-cv-01734-KES-SKO<br><br>**FIRST SCREENING ORDER; ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR**<br><br>**(3) FILE A NOTICE OF VOLUNTARY DISMISSAL**<br><br>(Doc. 1)<br><br><u>FOURTEEN-DAY DEADLINE</u> |

　　　On December 4, 2025, Plaintiff Granson Clark ("Plaintiff"), proceeding *pro se*, filed a complaint against Capital One Auto Financing. (Doc. 1). Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on January 5, 2026. (Docs. 4 & 5). Plaintiff's complaint is now before the Court for screening. Upon review, the Court concludes that the complaint fails to state a cognizable claim.

　　　Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations

to the district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.  SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*,

932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by this Court. The complaint names "Capital One Auto Financing" as the defendant. (Doc. 1 ("Compl.") at 1, *see id.* at 2). Plaintiff states that subject matter jurisdiction is based on federal question, (*id.* at 3), specifically invoking "Article 1 Section 10: Right to Contract," (*id.* at 3).

The statement of claim section of the complaint states: "Threat to take property and / or continue to report on credit. (*Id.* at 4). Regarding the relief sought, Plaintiff states "Not being able to pay off Trust Lien to get around to other obligations contracted with." (*Id.*) Plaintiff contends that the amount in controversy is "$1,000,000 Amount Owed for Violation of Trust Lien." (*Id.*)

## III. DISCUSSION

**A. Rule 8**

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief. Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to Defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it

rests. *Twombly*, 550 U.S. at 555.

Here, there are insufficient allegations in the complaint to identify the basis of the claim. Plaintiff alleges Defendant "threat[ened] to take property and / or continue to report on credit." (Compl. at 4). Plaintiff does not explain how these actions were wrongful or otherwise amounted to a violation of his constitutional rights, and fails to give Defendant "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2); *Brazil*, 66 F.3d at 199; *McKeever*, 932 F.2d at 798.

### B.      Contract Clause Claim

The Contracts Clause of the United States Constitution states that no state shall pass any "law impairing the obligation of contracts." U.S. Const. art. I, § 10, cl. 1.  To state a claim under the Contracts Clause, a plaintiff must not only allege that *a state* impaired his contract, but that it did so by legislative act. *See New Orleans Waterworks Co. v. Louisiana Super–Refining Co.*, 125 U.S. 18, 30 (1888) (noting that to state a claim under the Contracts Clause, "not only must the obligation of a contract have been impaired, but it must have been impaired by a law of the state"); *Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F. Supp. 2d 1197, 1202 (W.D. Wash. 2010) (stating that an element of a Contracts Clause claim is whether a change in the law has impaired a contractual relationship). The elements of a Contracts Clause claim are (1) the existence of a valid contract, (2) a state law or regulation that substantially impairs that contractual relationship, and (3) that the impairment is not reasonable or necessary to serve an important public purpose. *See Energy Reserves Grp. v. Kan. Power & Light Co.*, 459 U.S. 400, 411 (1983). The threshold inquiry is "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." *Id.*  However, the Contracts Clause only limits *the government's* power to modify contracts that already exist. As stated, "[t]he Constitution protects freedom of contract only by limiting the states' power to modify or affect contracts already formed." *S.F. Apartment Ass'n v. City & Cty. of San Francisco*, 881 F.3d 1169, 1180 n.8 (9th Cir. 2018) (quoting *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987)).

Here, Plaintiff does not allege the existence of any a "state law or regulation that substantially impairs the contractual relationship," *Energy Reserves Grp.*, 459 U.S. at 411, much

less facts showing that Defendant—a private company—substantially impaired the obligations of that contract *by a legislative act*. The Court therefore finds that Plaintiff's claim necessarily fails as a matter of law.

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that a court should "freely give leave [to amend] when justice so requires," unless "amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

Because Plaintiff's Contract Clause claim fails as a matter of law, it cannot be cured, and any amendment would likely be futile. In such a case, there is no need for the Court to prolong this litigation by providing plaintiff an additional opportunity to amend that could only prove futile. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); *Lipton v. PathoGenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); *Klamath–Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("futile amendments should not be permitted"). However, out of an abundance of caution and consistent with the liberality of Rule 15(a)(2), the Court will grant Plaintiff **one** opportunity to amend his complaint to correct the deficiencies identified and to recast his allegations as seeking relief based on a different cause of action.

The Court makes clear that if Plaintiff chooses to seek relief based on a different cause of action, that new cause of action must be reasonably related to the allegations contained in the original complaint. Plaintiff is also instructed to (1) be mindful of the rules governing a federal court's limited jurisdiction[1] and (2) ensure that any amended complaint complies with Rule 8—

---

[1] Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

which, again, requires Plaintiff to plead sufficient facts to give Defendants fair notice of the allegations against them and how those allegations relate to any theory of liability and requested remedy.

### IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within fourteen (14) days from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint;

    b. Notify the Court in writing that he wants to stand on the current complaint; or

    c. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01734-KES-SKO.

3. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:  **January 6, 2026**             /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), citing 28 U.S.C. § 1332(a).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456 (1926)).