# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GRANSON CLARK,

        Plaintiff,

  v.

CAPITAL ONE AUTO FINANCING,

        Defendant.

/

Case No.  1:25-cv-01734-KES-SKO

**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE**

(Docs. 6, 7)

Plaintiff Granson Clark is proceeding *pro se* and *in forma pauperis* in this action filed on December 4, 2025.  (Docs. 1, 5).

On January 6, 2026, the Court issued a screening order finding that Plaintiff's complaint failed to state any cognizable claims and gave Plaintiff three options as to how to proceed.  (Doc. 6).  Within thirty (30) days, Plaintiff was to either (1) file an amended complaint, (2) notify the Court that they wished to stand on their complaint, or (3) file a notice of voluntary dismissal.  (*Id.* at 6).  That screening order was served on Plaintiff by mail that same day.  (*See* Docket).  To date, Plaintiff has not filed an amended complaint, notified the Court of their intention to stand on their complaint, filed a notice of voluntary dismissal, or requested an extension of time in order to take any of these actions.

On February 4, 2026, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for their failure to comply with the Court's

screening order and for failure to prosecute this case.  (Doc. 7). Plaintiff was  warned in the OSC that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action.  (*Id*. at 2).  Plaintiff has not yet filed any response, and the time to do so has passed.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order and the OSC, there is no alternative but to dismiss the action for their failure to obey court orders and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to Plaintiff at their address as listed on the docket for this matter.

IT IS SO ORDERED.

Dated: __**March 8, 2026**__ ___/s/ *Sheila K. Oberto*___
UNITED STATES MAGISTRATE JUDGE